IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDGARDO JHAUSEN GIL LI,

    Petitioner,

v.                                                                                  No. 1:25-cv-00493-MLG-GJF

MARY DE ANDA-YBARRA, in her official
capacity as Field Office Director of El Paso,
Immigration & Customs Enforcement; TODD M.
LYONS, Acting Director, U.S. Immigration &
Customs Enforcement; KRISTI NOEM, in her
official capacity as Secretary of the U.S. Department
of Homeland Security; and PAMELA BONDI,
Attorney General, U.S. Department of Justice,

    Respondents.

## ORDER FOR SERVICE AND TO SHOW CAUSE

Petitioner Edgardo Jhausen Gil Li a lawful permanent resident who resides in New Jersey and was taken into custody by Customs and Border Protection officers at Newark International Airport on February 25, 2025. *See* Petition for Writ of Habeas Corpus ("Petition"), Doc. 1 at 3 ¶ 1. Following his arrest, Petitioner was transferred to the Torrance County Detention Center, located in this District. *Id.* at 6 ¶ 17. He contends that his arrest and continued detention violate his due process rights under the Fifth Amendment. *Id.* at 7-10 ¶¶ 29-41. Petitioner now seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him from custody under reasonable conditions of supervision. *Id.* at 11 ¶ 3. Petitioner also requests that the Court transfer further proceedings to the District of New Jersey pending resolution of his immigration matter. *Id.* at ¶ 4.

Having reviewed the current filings, the Court directs Petitioner to effectuate service of the Petition and this Order on Respondents within five days.[1] Petitioner shall file proof of service in conformity with the requirements of Federal Rule of Civil Procedure 4. Failure to comply may result in dismissal of this proceeding.

Respondents are ordered to respond to the Petition and show cause why it should not be granted within three days of receipt of service. *See* 28 U.S.C. § 2243.

The Court will set a hearing within five days after the Respondents file their response unless good cause is shown for additional time. *Id.* If Petitioner desires to file a reply, he must do so within three days of the filing of the response.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] The Court's obligation to serve typical habeas corpus petitions stems from the Rules Governing §§ 2254 and 2255 Cases. For example, Rule 4 of the Rules Governing § 2254 Cases requires "the clerk [to] serve a copy of the petition and any order on the respondent[.]" Similarly, the in forma pauperis statute provides an basis for court-supplied service of process. *See* 28 U.S.C. § 1915(d). Here, however, Petitioner does not seek relief under 28 U.S.C. §§ 2254, 2255, or 1915. The Petition invokes the Court's authority to issue a writ under § 2241. *See* Doc. 1 at 4 ¶ 6. Accordingly, the Federal Rules of Civil Procedure, including the service provisions of Rule 4(i), govern this case. *See* Fed. R. Civ. P. 81(a)(4).